UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE ROBINSON,

        Plaintiff,                                       Case Number 15-14228

v.                                                   Honorable David M. Lawson

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY,

        Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

This matter is before the Court on the defendant's motion to dismiss the plaintiff's claim for fiduciary duty (Count II). The defendant's motion did not indicate that counsel for the defendant sought concurrence in the relief requested from counsel for the plaintiff before filing the motion, as the defendant's attorney was required to do under the local rules of this Court. In this district, movants must seek concurrence in the relief requested before filing a motion for relief in this Court. E.D. Mich. LR 7.1(a). If concurrence is obtained, the parties then may present a stipulated order to the Court. If concurrence is not obtained, Local Rule 7.1(a)(2) requires that the moving party state in the motion that "there was a conference between the attorneys . . . in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought [ ] or . . . despite reasonable efforts specified in the motion, the movant was unable to conduct a conference." E.D. Mich. LR 7.1(a)(2).

The defendant does not state in its motion that concurrence was sought from the plaintiff before filing the motion. "It is not up to the Court to expend its energies when the parties have not sufficiently expended their own." *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 101 (D. Mass. 1996).

The defendant has filed its motion in violation of the applicable court rules, and the Court therefore will deny it.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss [dkt. #5] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   March 24, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 24, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI